NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDU S. HASSEN, | No. 10-35138 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00742-PK |
| v. | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Submitted March 11, 2011[**]
Portland, Oregon

Before: THOMAS and GRABER, Circuit Judges, and SELNA,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James V. Selna, United States District Judge for the District of Central California, sitting by designation.

Abdu Hassen appeals the district court's order affirming the Commissioner of Social Security's decision denying his applications for disability insurance benefits and supplemental security income payments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part. Because the factual and procedural history is familiar to the parties, we need not recount it here.

The administrative law judge ("ALJ") provided clear and convincing reasons for discounting the testimony of Drs. O'Dell and Krause because the testimony largely relied on Hassen's self-reported symptoms and limitations and because the record evidence showing Hassen's improved mental health and subsequent work as a medical transporter undermined their evaluations. *See Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). The ALJ did not err in failing to discuss the opinions of doctors Tatyrek, Lowenstein, Thrall, Lawlor, and Swanson because their testimony was not significant or probative. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam); *see also Hassen v. Holder*, No. CV 08-742-PK, at *4-8 (D. Or. filed Dec. 11, 2009) (explaining why the failure to discuss this testimony was harmless). The ALJ also did not err in failing to call a second vocational expert because the residual functional capacity determination had not changed. Finally, the district court did not engage in post-hoc rationalizations in affirming the ALJ.

However, the ALJ did err by failing to discuss the testimony of Sherry Mackey. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). This error was not harmless because a reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006).[1] Specifically, Mackey testified that Hassen could stay on task for only two hours in a sheltered workshop. When the vocational expert was provided a hypothetical that accounted for such limitations on productivity, the vocational expert testified that such a worker would not be able to sustain employment. Although the record provides reasons to discount Mackey's testimony, we cannot provide post-hoc rationalizations for the ALJ's decision. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). We therefore remand to the district court with instructions to remand to the agency to conduct a proper inquiry into Mackey's testimony.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH INSTRUCTIONS. COSTS ON APPEAL AWARDED TO PLAINTIFF-APPELLANT.**

---

[1] The harmless error standard set forth in *Carmickle v. Commissioner* does not apply where, as here, the ALJ fails to mention lay testimony entirely because there is "simply nothing in the record for the court to review to determine whether the ALJ's decision was adequately supported." 533 F.3d 1155, 1163 (9th Cir. 2008).